IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDY MANSON, )
 )
    Plaintiff, )
 )
-vs- ) Civil Action No. 17-136
 )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging disability since July 30, 2013. (ECF No. 5-6, p. 2). Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on September 22, 2015. (ECF No. 5-3). On November 30, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 16-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B. **<u>Credibility Determination</u>**

Plaintiff's chief argument is that the ALJ erred in accessing her credibility. (ECF No. 10, pp. 7-15). In evaluating whether a plaintiff's statements are credible, the ALJ will consider all evidence including that from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529; SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. Contrary to Plaintiff's assertion, the ALJ's credibility determination is not conclusory. As laid out in his decision, the ALJ considered the factors set forth above at

length. (ECF No. 5-2, pp. 16-27). While assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to her complaints and found them to be contradictory. *Id.* The ALJ properly evaluated Plaintiff's credibility in detail as required by 20 C.F.R. §§416.929, 404.1529 and SSR 96-7p. Moreover, I note that simply because a plaintiff has an impairment or a diagnosis does not equate to a disability. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990).

In support of her argument, Plaintiff suggests that the ALJ "ignores" the fact that she was without insurance and did not seek medical treatment during that time and uses that as evidence of non-disability. (ECF No. 10, pp. 9, 12-13). I disagree. It is well-established that an "ALJ may rely on lack of treatment, or the conservative nature of treatment, to make an adverse credibility finding, but only if the ALJ acknowledges and considers possible explanations for the course of treatment." *Wilson v. Colvin*, No. 3:13-cv-02401-GBC, 2014 WL 4105288, at * 11 (M.D. Pa. Aug. 19, 2014). In this case, there is no doubt the ALJ considered the same. In fact, the ALJ specifically and repeatedly acknowledged Plaintiff's insurance issues. (ECF No. 5-2, pp. 20-25). Therefore, I find no error in this regard.

Plaintiff also insinuates that the ALJ improperly relied on the state agency opinion of Dr. Caramanna when he was the only doctor not to examine her. (ECF No. 10, pp. 9-10). This argument is unconvincing. State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). I find the ALJ properly considered the opinion of Dr. Caramanna in accordance with 20 C.F.R. §§416.927(e), 404.1527(e). The ALJ gave Dr. Caramanna's opinion significant weight because it was supported by the totality of the evidence including Plaintiff's reports of her activities of daily living. (ECF No. 5-2, p. 25). Based on the opinion as a whole, I find these are valid and

acceptable reasons. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, after a review of the record, I find the reasons given by the ALJ in weighing the conflicting opinions to be sufficiently explained and supported by substantial evidence of record. (ECF No. 5-2, pp. 19-25). Therefore, I find no error in this regard on the part of the ALJ.

Plaintiff additionally argues that the ALJ erred in discrediting Plaintiff's allegations on the basis that they are without substantial support from the objective evidence of record. (ECF No. 10. pp. 10-12). In support of the same, Plaintiff cites to her testimony and the medical records that support her allegations. *Id.*

> [The] question is not whether there is substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). The question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's argument in this regard is misplaced.

Furthermore, contrary to Plaintiff's contention otherwise, the ALJ was required to consider her activities of daily living (ADLs) in accessing her credibility and her case as a whole. 20 C.F.R. §§416.929(c), 404.1529; SSR 96-7p. I do not find the ALJ's statements regarding Plaintiff's ADLs to be confusing in any way.

Finally, Plaintiff suggests that the ALJ did not consider the additional evidence that was filed after the close of the hearing when considering her credibility. (ECF No. 10, pp. 14-15). After a review of the record, I find the ALJ specifically stated that the additional records at Exhibits 6F-8F were "considered in reaching this decision." (ECF No. 5-2, p. 16). Additionally,

5

the ALJ references them throughout the opinion. *Id.,* at pp. 21-23. Thus, I find no merit to this argument.

Based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No 5-2, pp. 16-27). Therefore, I find no error in this regard and remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDY MANSON, )
 )
      Plaintiff, )
 )
-vs- ) Civil Action No. 17-136
 )
NANCY A. BERRYHILL,[2] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 29th day of August, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 13) is granted.

                                           BY THE COURT:

                                           s/ Donetta W. Ambrose
                                             Donetta W. Ambrose
                                             United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.